### CHURCH, SALE OF in re

Ohio Supreme Court

No 21246.  Decided April 10, 1929

Syllabus by ALLEN, J

**CORPORATIONS—Real Estate (510 Dk)**

(160 C2)  Where a quit-claim deed, for valuable consideration, conveys to trustees of an unincorporated church association certain real property, "To have and to hold * * * unto the said grantees and their successors * * * so long as said lot is held and used for church purposes," without any provision for forfeiture or reversion, such statement is not a condition or limitation of the grant.  Since the deed contains no provision for reversion or forfeiture, all of the estate of the grantor was conveyed to the grantees.  Hence, a church building affixed to the realty does not pass to the heirs of the grantors when such lot and building cease to be used for church purposes.

Kinkade, Robinson and Matthias, JJ, concur.  Marshall, CJ, dissents.

### SCHWING v McCLURE et Tees.

Ohio Supreme Court

No 21493.  Decided April 10, 1929

Syllabus by ALLEN, J

**SCHOOLS & SCHOOL DISTRICTS**

(530 B)  Members of a board of education of a school district are public officers, whose duties are prescribed by law.  Their contractional powers are defined by the statutory limitations existing thereon, and they have no power except such as is expressly given, or such as is necessarily implied from the powers that are expressly given.

(530 B3)  The members of the board of education of a school district are not authorized to convey or transfer to private parties, without consideration, any of the property of the school district, real or personal.  Hence, the acceptance by such members of the board of education of a school

district of a deed providing that if at any time the premises in question shall cease to be used for school purposes, the same shall at once vest in the said grantors, their heirs and assigns forever, is not effectual to constitute a public school building erected upon such premises with public funds a part of the realty, so that such building passes with the realty upon reversion to the heirs of the grantor.

Judgment affirmed.

Kinkade, Robinson, Jones and Matthias, JJ, concur.  Marshall, CJ, dissents.

### BROWN et v STATE ex MERLAND

Ohio Supreme Court

No 21539.  Decided April 17, 1929

Syllabus by MARSHALL, CJ.

**COUNTIES**

(170 L)  A county library established and maintained by levies of taxes upon all the property of a county is an institution of an educational character the benefits of which would be as applicable in any one county as in any other county.

A law authorizing the establishment and maintenance of a county library is a law of a general nature and should have uniform operation throughout the state.

**CONSTITUTIONAL LAW**

(140 S)  Sections 14993 to 15005 inclusive, Section 15060 and Sections 2434-1 to 2434-4 inclusive, General Code, are laws of a general nature but have local application only in the county of Hamilton in the State of Ohio.  They are therefore violative of Section 26, Article II of the constitution, and void.

Kinkade, Robinson, Jones, Matthias, and Day, JJ, concur.

### STATE ex CITY ICE CO v STEGNER etc

Ohio Supreme Court

No 21502.  Decided April 17, 1929

Syllabus by MATTHIAS, J.

**REAL ESTATE**

(510 Z)  The provision of a zoning ordinance, limiting the subsequent addition, extension or substitution of business buildings or the use thereof, existing in a residence district at the time of the enactment of such ordinance, where it does not appear that such restrictions have no real or substantial relation to the public health, safety, morals or general welfare, is a valid exercise of the police power and is not violative of either the state or federal constitution.

Marshall, CJ, Kinkade, Jones, Day and Allen, JJ, concur.